HENRY WEEBER and Another v. JOSEPH HAWES and Others.[1]

July 19, 1900.

Nos. 12,089—(168).

## Landlord and Tenant—Premises Untenantable.

Evidence considered, and held to be sufficient to support a finding to the effect that a building leased by defendants from plaintiffs was untenantable and unfit for occupancy when the former moved out and vacated the same.

## Same—Partial Destruction by Fire—Repair by Landlord.

The building had been partially destroyed by fire a few months before, while defendants were in possession as tenants. The plaintiffs immediately caused the same to be repaired, and defendants again went into possession. *Held* that, from the fact that plaintiffs repaired the building, the jury would be justified in finding that the fire was not caused by the fault or neglect of defendants.

Action before a justice of the peace to recover $40 for rent. From a judgment in favor of defendants, plaintiffs appealed to the district court for said county. In the district court the case was tried before Harrison, J., and a jury, which rendered a verdict in

[1] Reported in 83 N. W. 447.

favor of defendants. From an order denying a motion for a new trial, plaintiffs appealed. Affirmed.

*Frank H. Castner,* for appellants.

*Penney & McMillan,* for respondents.

COLLINS, J.

This action was brought to recover one month's rent, claimed to be due under and by virtue of the terms of a written lease of a building to be used as a flour and feed store, made and executed by defendants, as lessees, and the plaintiffs, as lessors. Under the terms of this lease the defendants' term was to begin August 11, 1898, and to run for three years from that date. Defendants went into possession on or about that day, and remained until February 7, 1899, when there was a fire which partially destroyed the building. The plaintiffs soon afterwards commenced to repair, and on February 25 the defendants again took possession. They remained until August 11, when they moved out, notifying the plaintiffs that the premises were untenantable; the claim being that the roof leaked so as to render the building unfit for use as a flour and feed store, for which purpose the defendants had leased it, as before stated.

By the terms of the lease the lessees were liable and obliged to make ordinary repairs, but it was expressly provided that should the building become unfit for occupancy, for any cause, it was to be repaired or rebuilt by the lessors, and put into tenantable occupancy, within thirty days from the time the same became so unfit. If this was done, the lease was to remain in full force and effect. There was a further provision that if the building, without any fault on the part of the lessees or of their servants or employees, should be destroyed, or be so injured by the elements or any cause as to become untenantable and unfit for occupancy, then the liability of the lessees for the rent of said premises thereafter, and all right to the possession thereof, should at once cease, unless repaired by the lessors as hereinbefore mentioned.

1. We are of the opinion that the evidence was abundant to sustain the finding of the jury that the building was untenantable and unfit for occupancy when the defendants moved out on August 11.

It tended to show that, after the repairs to the roof had been made, water ran down at every shower, injuring the defendants' stock of flour and feed, and that the plaintiffs were advised of this, but made no effort to repair the roof properly. It is very clear that the defendants remained longer than the lease required them to, but evidently at the solicitation of the plaintiffs, and with the expectation, as they claimed, that repairs would be made.

2. It is contended by counsel for the plaintiffs that the defendants failed to justify their removal, because there was no positive evidence that the fire was not caused by the fault or neglect of the latter, their servants or employees. It was undisputed that the plaintiffs repaired the building after the fire, and from this fact the jury were justified in finding that the defendants were in no manner to blame for the partial destruction of the building. It is obvious from the record that this alleged failure of proof was not especially made at the trial, and was not then relied on. Counsel for plaintiff made no request for a charge upon the point, and it was not referred to by the court. The charge seems to have been perfectly satisfactory to all concerned, for no exceptions were taken.

Order affirmed.