RUTLEDGE, Appellant, v. QUINLAN, Respondent.

St. Louis Court of Appeals, November 18, 1907.

LANDLORD AND TENANT: Covenant to Repair: Abandonment of Premises by Tenant. Where there is an express covenant in a lease providing that the lessor shall put the premises in a habitable condition, and the covenant is not complied with by the landlord, and the premises are wholly uninhabitable without repairs being made, the tenant has a right to vacate the premises and is free from further obligation to pay rent.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*C. W. Rutledge* for appellant.

The burden of proof was on the defendant to establish by a preponderance of the evidence (1) That the landlord agreed at the time of the letting (and if afterwards, that there was a new consideration for the agreement), to make the repairs required; and (2) That the flat was wholly untenantable by reason of the failure to make the repairs. Blake v. Dick, 15 Mont. 236. A landlord is under no implied obligation to make repairs. Morse v. Maddox, 17 Mo. 569; Ward v. Fagin, 101 Mo. 669; Rogan v. Dockery, 23 Mo. App. 313. The obligation

is on the tenant in the absence of an agreement. Deutsch v. Abeles, 15 Mo. App. 398; Fenton v. Montgomery, 19 Mo. App. 156. Voluntarily agreeing to repair or voluntarily making repairs by landlord does not tend to show landlord assumed a duty to repair, or create an implied obligation to repair. Little v. Macadaras, 29 Mo. App. 332; Wehrman v. Priest, 12 Mo. App. 577. Tenant is bound to pay rent, even where premises become wholly uninhabitable and useless. Burnes v. Fuchs, 28 Mo. App. 279; Vai v. Weld, 17 Mo. 232. Where landlord agrees but fails to repair, and repairs are ordinary, or can be made at small expense, which may be offset against the rent, the default of landlord does not justify tenant in abandoning premises. Doolittle v. Selkirk, 7 Misc. (N. Y.) 722; Sheary v. Adams, 18 Hun (N. Y.) 181; 2 Wood's L. & T. (2 Ed.), pp. 1130, 1131.

*Jas. D. Sims* for respondent.

GOODE, J.—On or about July 14, 1905, defendant became a tenant of plaintiff in certain premises in the city of St. Louis. These premises were the lower story of a flat on Flad avenue. The tenancy was from month to month, the rent to begin on July 6th. About December 6th, the rent having been paid up to that time, the defendant vacated the premises and surrendered the keys to plaintiff in consequence, defendant maintains, of the flat being uninhabitable. The evidence tends to show the rooms could not be warmed by the heating apparatus, and also that there were window panes out of the windows in the cellar, and other imperfections which made the flat uninhabitable. As the defendant had given no written notice of his intention to terminate the tenancy, the contention of plaintiff is that it continued and defendant was bound to pay rent, though he had vacated. This action is for the rent from December 6, 1905, to January 6, 1906, or $32.50. The court in a finding of

Rutledge v. Quinlan.

facts made at plaintiff's instance, found it was stipulated and agreed as part of the consideration for the contract of lease, that the premises should be put in good order for use and occupancy. After finding that certain other repairs which plaintiff had agreed to make had not been made, the court found that as cold weather came on, it was impossible to heat the rooms so as to make them habitable and, thereupon, defendant demanded that plaintiff repair the furnace so it would properly heat the premises; that plaintiff failed to do so within a reasonable time, and defendant, after waiting a reasonable time, abandoned the premises. It is the contention of the plaintiff that the tenancy could not be terminated without written notice, but if there was an express covenant or stipulation on the part of the plaintiff, as lessor, to put the premises in a condition to be tenantable, and this covenant was not complied with in a reasonable time after demand by defendant, and the premises were wholly uninhabitable without repairs being made, defendant had the right to vacate and was under no further obligation to pay rent. In the present case the rent was paid as long as defendant was in occupation. There is evidence to support the findings of the learned trial judge and we must accept the facts as he found them. It is lawful for a tenant to abandon his lease because the premises are totally untenantable on account of breeches of a covenant by the landlord to make them tenantable. [Jones, L. & T., sec. 410; Burns v. Fuchs, 28 Mo. App. 279; Weeber v. Hawes, 80 Minn. 476.]

The judgment is affirmed. All concur.