## MARTIN J. BARRY *v.* CHARLES E. HERRING.

*Termination of Tenancy—Destruction by Fire—Express Provision in Lease.*

Under a provision in a lease that, if the property be destroyed or rendered untenantable by fire, the tenancy shall be thereby terminated, the tenancy is not terminated if the building may be restored by ordinary repairs thereon with no considerable interruption to the tenant's business while they are being made.
pp. 461, 462

In determining whether the repairs are ordinary repairs, and the interruption temporary only, the value of the property, as well as the duration of the lease, may be taken into consideration. p. 462

The facts that it would require only fifteen days to make the repairs necessary to restore the building to its former condition, with an interruption to the lessee's business of a few days only, that the landlord had recently paid $40,000 for the property, while the repairs would cost only about $2,600, and that the tenancy had five years yet to run, *held* to show that the repairs were ordinary only, and the interruption temporary. p. 463

*Decided July 8th, 1927.*

Appeal from the Circuit Court of Baltimore City (STUMP, J.).

Bill by Charles E. Herring against Martin J. Barry. From a decree for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Charles P. Coady, Jr.,* and *John A. Farley,* with whom were *Coady & Farley* on the brief, for the appellant.

*Isaac Lobe Straus,* with whom was *J. Paul Schmidt* on the brief, for the appellee.

PATTISON, J., delivered the opinion of the Court.

One Martin J. Reilly, on the 25th day of November, 1921, leased unto the appellee, Charles E. Herring, the "first floor and store premises with the use of yard and ingress and egress to and from the same and also of yard fence for advertising," on the southeast corner of North and Maryland Avenues, known as No. 33 West North Avenue, for the term of five years, counting from the 1st day of December, 1921, and ending on the 30th day of November, 1926, at and for the rental consideration therein mentioned, with the right and privilege to the lessee to extend said lease for a further period of five years, counting from the 1st day of December, 1926, and ending on the 30th day of November, 1931.

The lessee, under the lease, took possession of and occupied said premises and, six months prior to the expiration of said five year period, or six months prior to the 1st day of December, 1926, gave notice in writing to the lessor of his intention to extend the lease for said additional period of five years.

On the 10th day of November, 1926, Martin J. Reilly sold the said property, 33 West North Avenue, including the premises leased to Charles E. Herring, unto the appellant, Martin J. Barry, subject to said lease.

On the 4th day of December, 1926, a fire broke out in said building, consisting of three stories, situated on the southeast corner of North and Maryland Avenues, whereby considerable damage and injury was done thereto, the greater part of which, however, was in the second and third stories of said building.

The lease of said property from Reilly to Herring contained the following provision: "If the property shall be destroyed or rendered untenantable by fire, the tenancy hereby created shall be thereby terminated, and all liability for rent hereunder shall cease upon payment proportionately to the day of fire or unavoidable accident."

By the terms of the lease, the rent was to be paid in equal installments on the first day of each and every month, in advance, and, pursuant to this requirement, the appellee had

sent his check to the appellant for the rent of said property
for the month of December, 1926, when, on December 7th
of that year, the appellant wrote the appellee saying, "I am
enclosing herewith a check for $180.82, for the unused por-
tion of your rent at 39 W. North Avenue (meaning 33 West
North Avenue). This will notify you that by virtue of
recent fire your lease will cease to exist. You will note that
I have not made any charge for rent for the day of fire."

The appellee, by letter of December 8th, 1926, returned
the check to the appellant, saying, "I am returning the check
herewith to you. The recent fire has not terminated my
lease, which, I am advised, continues in full force and effect.
Although the fire, of course, damaged the building, it did not
destroy the premises leased to me or render them untenant-
able, as contemplated by the clause of the lease bearing upon
the subject, the meaning of which clause, I am advised, is
well ascertained, and the purpose of which is primarily for
the protection and benefit of the tenant. Such repairs as
may be necessitated by the fire may, by the use of reasonable
promptness, be made in a short while, so that there will be
only a brief and partial interruption to my business."

On the same day that he returned this check to the appel-
lant, the appellee filed his bill in the Circuit Court of Balti-
more City, asking that the appellant be enjoined and re-
strained from terminating the lease and from re-entering or
resuming possession of the demised premises and evicting or
ousting the appellee therefrom.

The bill alleged among other things that the appellee,
plaintiff below, took possession and occupancy of the leased
premises and, relying upon the terms and provisions of the
lease, laid in a large and valuable stock of merchandise, and
bought and installed upon the premises fixtures of great
value, the said stock and fixtures amounting in value to
twelve thousand dollars. In addition thereto, the appellee
expended from time to time, during the term of his tenancy,
over eighteen hundred dollars upon the building and prem-
ises, the items of which, with the cost of each, are fully set
out in the bill.

It was also alleged in the bill that the leased building and premises were considerably damaged by the fire, though the greater part of the damage was to the second and third stories; that the part of said building leased to and occupied by the appellee, so far from being destroyed or rendered untenantable by said fire, may be repaired and restored in a reasonably short time and at an expense relatively small and inconsiderable in comparison with the value of said building; that the interruption in appellee's business, caused by the fire, will be for a few weeks only, and as such interruption is so relatively slight as compared with the unexpired part of the term of his tenancy, he is willing to pay in full the whole rent ascertained and prescribed by said lease for said premises during the period of the interruption in his business and until the expiration of the said term on the 30th day of November, 1931.

The bill further alleged "that by reason of the establishment, growth and development of the said valuable business and the good will thereof, at and in said leased premises, and the large investments * * * for stock, equipment, fixtures, furnishings and improvements in and about said leased premises, * * * the remaining and unexpired part of said term under said lease, to wit: from the present time until the thirtieth of November, 1931, is of exceedingly great value * * * and is indispensable to the conservation and maintenance of the business and good will thereof, which he (the appellee) has established and developed at and in said premises" by his "assiduous attention and devotion to said business"; and should the appellant terminate said lease, re-enter and take possession of the demised premises and evict therefrom the appellee, which the bill alleges he is about to do, it would result in great and irreparable loss and injury to the appellee, for which he would be remediless in a court of law.

The appellant, defendant in the lower court, answered the bill, and upon the bill, answer, and testimony taken, the court granted the injunction, and from the order granting the injunction the appeal in this case was taken.

The sole question presented by this appeal is whether the leased building was destroyed or rendered untenantable by said fire within the meaning of the above quoted provision of the lease.

To change the common law rule as to the tenant's liability for rent after the demised premises have been destroyed or rendered untenantable by fire, an act was passed, now section 28 of article 53 of the Code, which provides that "whenever the improvements on property rented for a term of not more than seven years shall become untenantable by reason of fire, or other unavoidable accident, the tenancy shall be thereby terminated and all liability for rent thereunder shall cease, upon payment proportionately to the day of fire or unavoidable accident," and this act alone would have controlled in the determination of this question had no similar provision been inserted in the lease. *Spear v. Baker*, 117 Md. 573. In deciding the question before us, we are to construe and ascertain the meaning and effect of the language found in said provision of the lease, which is, "if the property shall be destroyed or rendered untenantable by fire, the tenancy hereby created shall be thereby terminated."

In *Underhill on Landlord and Tenant*, vol. 2, sec. 792, page 1349, it is said: "A provision in a lease that rent shall cease if the premises are destroyed, or that rent shall cease if they shall become untenantable by fire, means a substantial destruction and a permanently untenantable condition, rendering further occupancy impossible and necessitating not merely repairs, but rebuilding, * * * and, if the lease provides that if the premises shall be destroyed by fire, the payment of rent and the relation of landlord and tenant shall cease, a mere damage by fire which renders only a part of the premises untenantable, does not terminate the lease."

In *D. A. Schulte, Inc., v. American Realty Corporation,* 256 Mass. 258, the lease was made on condition "that in case the whole or any part of the demised premises or of said building be destroyed or damaged by fire * * * so as to render the same unfit for use, and occupation, * * * then this lease may * * * be terminated." The court, in construing this provision of the lease, said: "The building undoubtedly

was damaged by fire. But where, as in the case at bar, the premises can be restored by ordinary repairs made without unreasonable interruption of the lessee's business, there is no breach of the covenant in question entitling the landlord to re-enter and oust the tenant. *Wolff v. Turner,* 6 Ga. App. 366, 65 S. E. 41; *Acme Ground Rent Co. v. Werner,* 151 Wis. 417, 139 N. W. 314."

In *Wolff v. Turner, supra,* the clause in the lease was, "in case the premises are rendered untenantable by fire, the rent is to cease from the date of the fire." The court in that case said: "The premises become 'untenantable,' so as to authorize the tenant to quit the premises and cease paying rent, when as a result of fire the building is damaged to such an extent that it is unfit for carrying on the business * * * and cannot be restored to a fit condition by ordinary repairs, such as can be made without unreasonable interruption of the business of the tenant." 18 *Am. & Eng. Ency. of Law,* pages 310-311; *Tedstrom v. Puddephat,* 99 Ark. 193; *Lewis v. Hughes,* 12 Col. 208, 20 Pac. 621; *Post v. Brown,* 142 Tenn. 304.

It is fairly well settled by the authorities that, where a lease contains a provision like the one before us in this case, made primarily for the benefit of the lessee, and the leased building is destroyed or rendered untenantable, the tenancy is thereby terminated, if to restore such building it becomes necessary to rebuild it, thereby depriving the tenant of its use. But where the building may be restored by ordinary repairs made thereon with no considerable interruption to the tenant's business while the same are being made, the tenancy is not terminated, or the lease forfeited.

In determining whether the repairs are ordinary repairs, and the interruption temporary only, the value of the property, as well as the duration of the lease, may be taken into consideration.

As a result of the fire some of the joists supporting the first floor, as well as the floor resting thereon, were burned, and the plaster upon the ceiling and the interior side walls in the store were also, in places, injuriously affected by the fire and the water used in extinguishing it. The furnace in the cellar and the heating pipes leading therefrom, and

the electric light wiring, were likewise, to some extent, injured by the fire and water. In addition thereto, the leased premises were otherwise damaged by the fire, though not to any considerable extent.

Three experienced and well known builders of Baltimore City, Messrs. Mason, Cowan, and Knott, all testified that the leased premises could be repaired and restored for a sum not exceeding $2,630.10, and that such repairs could be made in fifteen days, while the interruption to appellee's business, caused thereby, would be for a period not longer than four days. Each of said witnesses further stated that he, for the amount named, would restore the property to what it was before the fire, with the exception of the composition floor in the store, which had been there laid by the appellee at his own expense, and which he did not wish to replace, and would give bond for the faithful performance of the contract to so restore said building and premises. It is true that a builder and others, produced as witnesses by the appellant, testified that the cost and extent of said repairs and the time required to make them were greater than that named by the appellee's witnesses, but as the witnesses of the appellee, in support of their estimate of the cost of the repairs, stated that they would, for the amount named, restore the property to its former condition, we are disposed to give much weight to their testimony.

The fact that it required only the time stated to make the repairs necessary to restore the building to its former condition, with an interruption to the lessee's business of only a few days, when considered in connection with the further facts that the amount paid by the appellant for said property only a few days before the fire was so much as forty thousand dollars, and that the tenancy of the appellee was not to expire for five years thereafter, shows in our opinion that such repairs are only ordinary repairs and that the interruption is only temporary. Consequently there was no termination of the lessee's tenancy under the aforesaid provision of the lease.

We will, therefore, affirm the decree appealed from.

*Decree affirmed, with costs.*