### G. B. CARDEN v. W. R. McCONNELL.

*Action for Damages—Slander of Title—Parol Evidence of Written Contract, when admissible.*

1. The rule that parol evidence cannot be allowed as to the contents of a written instrument applies only in actions between parties to the writing and where its enforcement is the gravamen or substantial cause of the action.

2. Where, in an action for slander of plaintiff's title, it was alleged that the defendant had, by misrepresentations as to his title, prevented the carrying out of a written contract for the sale of the land between plaintiff and another, parol evidence as to the contents of such writing was admissible, such contract being collateral to the gravamen of the charge and material only as to the measure of damages.

CIVIL ACTION, tried before *Shuford, J.*, and a jury, at Fall Term, 1894, of CLAY Superior Court. From a judgment, on a verdict for defendant, plaintiff appealed. The facts appear in the opinion of Associate Justice FURCHES.

*Mr. G. B. Carden*, for plaintiff (appellant).
*Mr. J. B. Batchelor*, for defendant.

FURCHES, J.: This is an action by plaintiff to recover damages for slander of his title to land. Plaintiff offered in evidence a deed from T. M. Ledford and wife to himself, and was then introduced to prove a sale of the land to one Isbell, and on stating that the sale was in writing the defendant objected to his speaking of the contents of the paper writing, and the objection was sustained. Plaintiff then introduced Isbell who testified that he took the paper writing and assigned it to one Hoffman, of Detroit, Michigan. Plaintiff then offered to prove the contents of the paper writing. Defendant objected and the objection was

sustained.   Plaintiff excepted to His Honor's rulings and submitted to a non-suit and appealed.

It is a well settled principle of the law of evidence that where a transaction takes place between parties, which is reduced to writing and signed by them (or it may be otherwise assented to by them), and an action is brought to enforce this transaction, the written evidence must be produced or accounted for before other evidence is admissible as to the transaction.   This rule is put upon the ground that the parties have agreed that the writing shall be the evidence of their contract or transaction.   This learning is too familiar to call for citations to support it.

But this rule only obtains in actions between parties to the written evidence of the contract and where its enforcement is the gravamen—the grievance complained of—the substantial cause of the action.   Burrill's Dictionary, 568; 1 Greenleaf Evidence, 366.   This action is not between the same parties who made the written contract to sell the land.   That was between the plaintiff and Isbell, and this action is between the plaintiff Carden and the defendant McConnell.   The defendant McConnell is no party to this writing, and is in no way bound by it.   And as he is not bound by it, as between him and the plaintiff, the plaintiff is not bound by it.   If it binds one, it binds the other. And as it does not bind defendant, it does not bind the plaintiff.   *Reynolds* v. *Magness*, 2 Ired., 26.   But this action is not brought upon this written contract between the plaintiff and Isbell.   It is brought against the defendant upon the allegation that he had falsely claimed, to the party to whom plaintiff was about to sell his land, that he the defendant was the owner of one-half of the mineral interest in the same, and plaintiff's title was not good, and that defendant by this means had prevented him from making the sale.   This false representation is what the

plaintiff complains of. This is the gravamen—the grievance. Burrill's Dictionary, *supra*. The sale to Isbell, and the writing which was the evidence of that transaction, as between plaintiff and Isbell, is collateral to the gravamen—the issue—in this action, and is only material as to the measure of damage to which plaintiff would be entitled, if he sustains the issue as to the slander—the alleged grievance he has against defendant. This paper then being collateral to the issue—the grievance complained of—its contents may be shown without producing the paper. *Reynolds* v. *Magness, supra*; *Pollock* v. *Wilcox*, 68 N. C., 46; *Wilson* v. *Miller*, 69 N. C., 137; *State* v. *Wilkerson*, 98 N. C., 696. There was error in sustaining defendant's objection to the testimony.

New Trial.