R. N. ARCHER v. S. S. HOOPER.

*Action to Recover Personal Property—Best Evidence—*
*Parol Evidence.*

The rule that the best evidence as to the contents, meaning
and effect of a written contract is the instrument itself
applies only when the contest concerning the same is between
the parties thereto ; where the controversy over personal
property is between persons not parties to written contract
under which a party claims title, and it is collaterally
attacked, parol evidence as to its contents and meaning is
admissible.

CIVIL ACTION, to recover possession of personal property,
tried before *Robinson, J.*, and a jury, at Fall Term, 1895,
of GRAHAM Superior Court.   The facts appear in the opin-
ion of Associate Justice MONTGOMERY.   The plaintiff
appealed.

*Mr. J. W. Cooper*, for plaintiff (appellant).
*Mr. F. A. Sondley*, for defendant.

MONTGOMERY, J.: This action was brought to recover
possession of certain personal property of the defendant.
The case in part states that " the plaintiff claimed the prop-
erty under a bill of sale from Milo M. Belding to R. N.
Archer, and offered to prove title to same in plaintiff by
parol evidence, that of Frank K. Rodman, by his deposi-
tion.   Defendant objected to this evidence on the ground
that the bill of sale was the best evidence.   Objection
sustained and the plaintiff excepted."   In a contest over
the contents and meaning of the bill of sale between the
plaintiff and his vendor, Belding, the bill of sale must be
the best evidence, and would have to be produced or its

absence accounted for.    But this rule only obtains between parties to the written evidence of the contract, and where its enforcement is the substantial cause of action.    Here, the parties to this suit are not the parties to the bill of sale, and the same is a collateral matter.    *Carden* v. *McConnell*, 116 N. C., 875.    On the trial of a case where the title to personal property is in issue between parties other than those to the contract, we can see no objection to the plaintiff's proving his title by parol testimony, even after he has failed to establish title by written bill of sale through inability to prove its execution.    Such contracts are not required to be in writing, and they can be proved just as well by parol as by a writing.    There was error.

New Trial.