F. S. MILES v. MRS. OLA S. WALKER AND HER HUSBAND, ED. WALKER.

(Filed 28 April, 1920.)

1. **Landlord and Tenant—Leases—Destruction of Premises—Payment of Rent—Statutes—Common Law.**

   The common law doctrine that the lease of a store or other building conveying the present right to the soil, does not relieve the lessee of his obligation to pay the stipulated rent during the term unless the contract so provides or the lessor is under contract to repair, when the building is destroyed by accidental fire, or so injured as to be unfit for its purpose, has been modified to some extent by our statute, Rev., sec. 1992, providing in such instances, and where the main inducement for the contract was the use of the house, that the lessee may surrender the estate by a writing to that effect delivered within ten days from the damage and on paying the rent accrued and apportioned as to the remainder of the injury, etc.

2. **Statute—Common Law—Landlord and Tenant—Leases.**

   The modification of the common law liability of the lessee of a building, etc., to pay the rent, when the building was accidentally destroyed, etc., during the term of his lease, by Rev., sec. 1992, under certain conditions, is to some extent a legislative recognition that, without its provisions, the principles of the common law would prevail; and neither the statute, being for the benefit of the lessee, nor the common law principle, has application, when the lessee is insisting on certain rights arising to him under the provisions of the lease.

3. **Landlord and Tenant—Leases—Rent—Voluntary Repairs—Contracts—Breach—Damages—Lessor and Lessee.**

   Though the landlord may be under no implied obligation to restore or repair a building which had been destroyed, etc., if he does enter and make the required repairs without further agreement on the subject, the building so rebuilt or restored will come under the provisions of the lease as far as the same may be applied, and for breach the landlord may be held responsible.

4. **Same—Evidence.**

   The leased premises, consisting of a building for a store was accidentally destroyed by fire during the leased period, without fault on the

MILES *v.* WALKER.

part of the lessee, the consideration being a stipulated monthly rental and the lessee's placing within the building certain shelving to become the property of the lessor at the termination of the lease, for one year or an extension of three years upon a certain further consideration. Soon after the commencement of the lease with the lessee in possession, and while preparing to put in the shelving, the fire occurred, and the landlord entered into possession, and erected a more attractive store building for which he could get a higher rent than for the destroyed store, and refused to let the lessee into possession, but rented it to another, for which the latter brings his action for damages. *Held,* sufficient to sustain a verdict in plaintiff's favor.

5. **Landlord and Tenant—Leases—Rent—Repairs—Consideration—Reasonable Time—Independent Obligations.**

Where a monthly rental to be paid by the lessee for a building, and an obligation to make certain repairs by him, is specified as the consideration for the lease, with forfeiture of the lease upon the non-payment of the rent at stated times, the lessee's liability to repair and to pay rent are, as a rule, distinct and independent obligations, and the law will imply that the lessee be given a reasonable time in which to make the repairs if none is stated in the lease.

6. **Contracts—Evidence—Leases—Parol Evidence—Landlord and Tenant —Lessor and Lessee.**

Parol evidence of assurances that the lessee would immediately put certain shelving in a store building, the subject of the lease, and afterwards a written lease was executed between the parties, silent as to the time when this should be done, this parol evidence is too indefinite to be allowed contractual effect, and in any event it is controlled by the terms of the written lease that the parties afterwards executed, and is inadmissible.

7. **Evidence— Parol Evidence— Contracts, Written— Leases— Landlord and Tenant—Lessor and Lessee.**

The rule excluding parol evidence of a written paper or document applies only in actions between the parties to the writing and where the enforcement of obligations created by it is substantially the cause of action, and not to collateral matters, though they be revelant to the inquiry; and, when so revelant, parol evidence of a written sub-lease may be shown in an action upon the lease between the owner of the leased premises and his lessee.

8. **Husband and Wife—Contracts—Leases—Breach—Damages—Married Women—Separate Property—Statute—Specific Performance.**

A married woman may be held in damages for the breach of her contract in the lease of her separate lands for more than three years, though her husband has not joined therein or given his written consent thereto. Whether the lease in question is capable of specific performance under the provisions of Rev., sec. 2096, authorizing a married woman to contract as a *feme sole* in certain instances, *Quaere?*

CIVIL ACTION to recover damages for failure on part of defendant to carry out the provisions of a written lease, tried before *McElroy, J.,* and a jury, at November Term, 1919, of ROCKINGHAM.

MILES *v.* WALKER.

On the trial it was properly made to appear that plaintiff had a written lease of a store building, signed by defendant owner, a married woman, in terms as follows:

"This agreement, made and entered into this the 1st day of January, 1917, by and between Mrs. Ola S. Walker, party of the first part, and Felix S. Miles, party of the second part.

"Witnesseth, That in consideration of the improvements hereinafter mentioned, to be made by the said Felix S. Miles, to the property of the said Mrs. Ola S. Walker, hereinafter described, the said Mrs. Ola S. Walker hereby agrees to rent her store building, known as No. 10 Scales Street, in the town of Reidsville, N. C., to the said Felix S. Miles, for a period of one year from this date at a rental of twenty-five dollars per month, payable by the said Felix S. Miles to the said Mrs. Ola S. Walker, monthly; and the said Mrs. Ola S. Walker hereby agrees to give the said Felix S. Miles the option to continue this said lease for the period of four more years at the same price and terms as above mentioned.

"The said Felix S. Miles hereby agrees to put into the said building a set of oak shelving practically as good as new and costing when new approximately four hundred dollars, which said shelving will greatly enhance the value of the property, and the said Felix S. Miles hereby agrees that upon the termination of this lease, the said improvements installed by him shall thereupon become the property of the said Mrs. Ola S. Walker.

"It is further agreed by and between the parties hereto that if the said Felix S. Miles shall fail to pay the said rents promptly as above agreed upon, that then this lease shall thereupon become null, void, and of no effect.

"It being understood that this lease is to cover the entire building, the said Felix S. Miles having the right to subrent any portion of said building (within the limits of this lease) as he may desire.

"In witness whereof, we, the parties hereto, have hereunto set our hands and seals, the day and year first above written.

FELIX S. MILES.          (Seal.)

MRS. OLA S. WALKER.    (Seal.)"

"It was admitted on the trial that the lease bearing date 1 January, 1917, was not actually executed till 18 February, 1917."

It appeared further that plaintiff had possession of the property under the terms of the lease, and that on 22 March, 1917, without fault on plaintiff's part, the building was practically destroyed by accidental fire, or so extensively injured that it was no longer suitable or available for store purposes.

31—179

MILES *v.* WALKER.

That without further agreement between the parties concerning it, the defendant owner entered on the premises and repaired the building, making the same substantially as it was before the fire, except that it was more attractive and desirable. That at the time of the fire the oak shelving referred to in the contract of lease had not been placed in the building, but plaintiff had procured the shelving and had arranged for having them installed on the day after the fire.

That the repairs were substantially completed on 1 September, 1917, when defendant refused to allow plaintiff to reënter or use the store, and, over his protest, rented same to other parties at a much higher price. That plaintiff within the time had signified his desire and purpose to hold and extend the lease for the four additional years, and for several months had tendered the monthly rental due under the terms of the contract.

There was denial of liability; the defendant insisting that the lease with all rights thereunder had become forfeited by reason of failure on part of plaintiff to install the shelving, etc. Defendant also excepted to the ruling of the court excluding certain evidence offered by defendant to the effect that in conversations and in one or two letters written by plaintiff prior to execution of the lease, plaintiff had expressed the intention, amounting to an agreement that he would install the shelving "immediately," and that such stipulation had the force and effect of a condition precedent to the lease as a binding agreement, etc. Defendant made further objection that the court had allowed plaintiff to state that he had sublet the property to Steiner & Company at a monthly rental of $50, when it appeared that such sublease was in writing.

On issues submitted, the jury rendered the following verdict:

"1. Did the plaintiff and defendants enter into the contract of lease, as alleged in the complaint? Answer: 'Yes.'

"2. Did the plaintiff suffer termination of his rights under the contract of lease by failure to install the shelving as agreed? Answer: 'No.'

"3. Did the defendant, Ola S. Walker, after the store was repaired and ready for occupancy, wrongfully fail and refuse to permit the plaintiff to enter and occupy the same, under the contract of lease? Answer: 'Yes.'

"4. What damages, if any, is plaintiff entitled to recover? Answer: '$800.' "

Judgment on verdict for plaintiff, and defendant excepted and appealed.

*P. W. Glidewell and Manly, Hendren & Womble for plaintiff.*
*W. R. Dalton and King & Kimball for defendants.*

HOKE, J.   In States like ours, basing their system of jurisprudence on the principles of the common law, it is the accepted position that where a store building or other is held under a lease, conveying also the present right to the soil, and the same is destroyed by accidental fire, or so injured as to be unfitted for its principal purpose, the lessee is not relieved of the obligation to pay the stipulated rent during the term unless the contract so provides, or the landlord is under a covenant to repair.   *Gates v. Green,* 4 Paige Chan., p. 355; *McMullan v. Solomon,* 42 Ala., 356; *Viterbo v. Friedlander,* 120 U. S., 708-712; 16 R. C. L., pp. 956-57, title, Landlord and Tenant, sec. 465; McAdam on Landlord and Tenant, sec. 198; Taylor on Landlord and Tenant (9 ed.), p. 468. In the citation to McAdam, the general principle is stated in part as follows:

"It seems to have been the doctrine of the common law rent issued out of the land itself regardless of the erection thereon, and, therefore, that the destruction of the buildings on the leased premises, or those becoming unfitted for use, did not discharge the obligation of the tenant to pay the rent as agreed upon for the full terms."

The position referred to has been modified to some extent by statute in this State, Rev., 1992, and in which it is provided that where a building is destroyed or rendered unfitted for use during the term, without negligence on the part of the lessee or his agents or servants, and there is no agreement in the lease respecting repairs and the use of the house, was the main inducement for the hiring, the lessee may surrender the estate by writing to that effect delivered within 10 days from the damages, and on paying the rent accrued and apportioned as to the remainder to the time of the injury, etc., etc.   The law in question, however, enacted for the benefit of the lessee, has no bearing on the instant cases, as the lessee is insisting on certain rights arising to him under the provisions of the lease, and the fact that the statute was enacted is to some extent a legislative recognition that without its provisions the principles of the common law would prevail.   Again it is held as apposite to the facts presented—that while a landlord is under no implied obligation to restore or repair a building which had been destroyed or injured to the extent and in the manner suggested, if he does enter and make the required repairs without further agreement on the subject, the building so rebuilt or restored will come under the provisions of the lease as far as the same may be applied, and for breach the landlord may be held liable in damages.   *Smith v. Kerr,* 108 N. Y., 31, cited and approved in Taylor on Landlord and Tenant, sec. 329.

A proper application of these principles is in full support of the recovery had by plaintiff in the cause, and we find no reason presented for disturbing the results of this trial.

MILES *v.* WALKER.

It is chiefly urged for error that the court excluded certain evidence offered by defendant as tending to show a forfeiture of the lease by reason of failure to install the shelving designated in the contract of lease.  It was not contended that this would follow from the stipulations contained in the written lease.  This, as his Honor ruled, clearly allowed plaintiff a reasonable time to procure and put up the shelving.  Nor does it come within the provision of the lease forfeiting the same for nonpayment of rent.  The liability to repair when the same exists and to pay rent being as a rule distinct and independent obligations.  McAdam on Landlord and Tenant (3 ed.), p. 1259.  Defendant, however, insists that by reason of a further additional agreement in parol between the parties made at or before the execution of the written lease, the obligation to put in the shelving was immediate and in the nature of a condition precedent to the maintenance of plaintiff's rights.  A perusal of this proposed evidence will show, however, that it consisted of more general statements or assurances given when the parties were consulting together as to the terms of the contract they were expecting to make, to the effect that the shelving would be "put in at once," etc.  They seem to be too indefinite to be allowed contractual effect, and in any event they are controlled by the terms of the written lease that the parties afterwards executed.  The delay about the shelving, slight in itself, is very satisfactorily explained in the testimony, and the case, in our opinion, comes clearly within the wholesome principle that when persons have reduced their contract to writing, plain of meaning, parol evidence as to contemporary or precedent "assurances and understandings" in conflict with the written agreement is incompetent.  *Mfg. Co. v. McCormick,* 175 N. C., 277, citing *Woodson v. Beck,* 151 N. C., 145; *Walker v. Cooper,* 150 N. C., 129; *Walker v. Venters,* 148 N. C., 388; *Mudge v. Varner,* 146 N. C., 147; *Bank v. Moore,* 138 N. C., 532.

Again it is objected that the court, over defendant's objection, allowed plaintiff to say that he had sublet the property at $50 per month, the objection being put on the ground that this sublease was in writing, but as held in numerous cases on the subject, the rule excluding parol evidence of the contents of a written paper or document applies only in actions between the parties to the writing, and when the enforcement of obligations created by it is substantially the cause of action, it does not prevail as to collateral matters though they may be relevant to the inquiry.  This exception must also be disallowed.  *Morrison v. Hartley,* 178 N. C., 618; *Holloman v. R. R.,* 172 N. C., 375; *Ledford v. Emerson,* 138 N. C., 502.

Defendant excepts further that the lessor is shown to be a married woman, and her husband not having joined in the lease or given his written assent thereto, and the lease being for more than three years, is

avoided by sec. 2096 of Revisal, and is expressly excepted from the provisions of the Martin Act, Laws 1911, ch. 109, making a married woman to contract and deal as if she were a *feme sole*. It may be that under the effect and operation of the statutes referred to, no specific performance of this lease could be enforced, but in a contract of the kind presented, our decisions on the subject are to the effect that in case of breach, a married woman may be held liable in damages, and plaintiff's recovery for such breach must therefore be upheld. *Sills v. Bethea,* 178 N. C., 315; *Everett v. Ballard,* 174 N. C., 16; *Warren v. Dail,* 170 N. C., 406.

We find no reversible error in the record, and judgment for plaintiff is affirmed.

No error.