N. A. ARCHIBALD v. N. L. SWARINGEN AND D. L. BARNHARDT.

(Filed 15 December, 1926.)

**1. Landlord and Tenant—Leases—Contracts—Stipulations—Termination of Lease—Repairs.**

Where a swimming pool is leased for a year, under a written contract that the lease would terminate upon the pool becoming unfit for use: *Held*, a crack in the walls thereof by which the pool was drained of water, and repaired by the lessor at an inappreciable sum, is not sufficient to give the lessee the right to cancel the lease when repair was made under a parol agreement within a reasonable time. C. S., 2352.

**2. Same—Reasonable Time.**

Where the controversy is made to depend upon whether the damage to the leased premises had been repaired by the lessor within a reasonable time, when the extent of the damage is insufficient to terminate the lease under its written terms, in this case the repair of walls of a dam to a swimming pool, evidence that three days had elapsed between the time the lessor and lessee had agreed upon the repairs necessary and the time the repairs were made, is sufficient to sustain an affirmative verdict that they were made in a reasonable time.

**3. Verdict—Issues—Interpretation.**

Where the verdict of the jury has determined that the leased premises was rendered unfit for the purposes of the lessee, which, under the terms of the instrument may terminate it, if of sufficient consequence, the verdict to another issue that the repairs were made in a reasonable time should be construed to harmonize with the first one.

APPEAL by defendants from *McElroy, J.*, at August Term, 1926, of CABARRUS. No error.

Action to recover rent alleged to be due under a lease from plaintiff to defendants. Defendants denied liability for rent, as alleged in the complaint, contending that by virtue of a stipulation contained therein and also of the provisions of C. S., 2352, the lease had terminated.

The issues were answered by the jury as follows:

1. Did the defendant, N. L. Swaringen, execute the lease as alleged in the complaint? Answer: Yes.

2. Did the defendant, D. L. Barnhardt, guarantee the performance of the conditions set forth in the lease and the payment of the rents to an amount not to exceed the sum of $1,300, as alleged in the complaint? Answer: Yes.

3. Was the swimming pool mentioned in the complaint cracked and rendered unfit for use without fault of the defendant, as alleged in the answer? Answer: Yes.

4. If so, did the plaintiff repair the same within a reasonable time? Answer: Yes.

5. In what amount, if any, are the defendants indebted to plaintiff? Answer: $1,300.

6. In what amount, if any, is the plaintiff indebted to defendants? Answer: $195.00.

From judgment upon this verdict that plaintiff recover of defendants the sum of $1,105, interest and cost, defendants appealed to the Supreme Court.

*Armfield, Sherrin & Barnhardt for plaintiff.*
*Palmer & Blackwelder for defendants.*

CONNOR, J.  On 29 May, 1925, plaintiff leased to defendant, N. L. Swaringen, a certain lot of land, described in the lease, which was in writing, and duly executed by both plaintiff and defendant, for a period of one year.  There was located on said land a swimming pool, which added largely to its value as a recreation park and public playground. The property was known as the Archibald Swimming Pool.  Defendant agreed to pay as rent for said property the sum of $1,300 per annum, payable in monthly installments of $108.33, the first payment to be due on 29 June, 1925, and subsequent payments to be due on the 29th day of each month thereafter, during the period of the lease.  On 6 June, 1925, defendant, D. L. Barnhardt, for a valuable consideration, and in writing, guaranteed the payment by defendant, N. L. Swaringen, of the rent and also the performance by him of the covenants in the lease. Defendant, N. L. Swaringen, entered into possession under the lease, paid the installment of rent due on 29 June, 1925, and has defaulted in the payment of the installments due subsequently.  This action was commenced on 7 June, 1926, to recover the balance due on the rent under the lease, and also certain sums of money which plaintiff alleges he has paid out on the property, for which he contends defendants are liable.

On Thursday night, 29 July, 1925, the wall of the swimming pool cracked, and the water began to leak out.  On the next morning, defendant, Swaringen, notified the plaintiff that the wall had cracked the night before and that the water was leaking through this crack. Plaintiff and defendant went to the property and examined the crack. It was agreed between them that the water should be drained out of the pool, so that it could be repaired.  Plaintiff agreed to have the wall repaired on the Monday following, and defendant remained in possession of the property until Saturday night, when he gave a public dance there, in accordance with an advertisement which he had previously made.  On Saturday, 31 July, 1925, plaintiff presented to defendant a bill for the rent due on 29 July, 1925, and defendant promised to pay

the same on Monday. On Monday the crack was repaired by plaintiff at a cost of $50.00.

On 4 August, 1925, defendant notified plaintiff, by letter, that he thereby surrendered his lease on the property, for the reason that the crack in the wall of the swimming pool had rendered the property unfit for use and occupancy for the purpose for which defendant had leased the property; defendant further notified plaintiff that he denied liability for further rent under his lease. On 7 August, 1925, plaintiff notified both defendants that he denied the right of defendant, Swaringen, to surrender the premises for the reason assigned, and further that he would hold both defendants for the rent due and to become due under the terms of the lease. Defendant, Swaringen abandoned the leased premises on the Saturday night, after the wall of the swimming pool cracked, and before the Monday on which it was repaired by plaintiff. Plaintiff had no notice of such abandonment until after the repairs had been made.

It is stipulated in the lease that "if the said buildings should be destroyed or rendered unfit for use by fire or other casualty during said term, this lease shall terminate." Defendants rely upon this stipulation and upon C. S., 2352, to sustain their contention that they are not liable for rent which accrued after the wall of the swimming pool cracked, on the night of 29 July, 1925. They say, that "on 30 July, 1925, the wall of the swimming pool bursted and became damaged to such an extent that no water could be contained in the swimming pool, and became damaged to such an extent that the same could not be repaired for a number of days; whereupon the defendant immediately notified the plaintiff and the plaintiff agreed to repair said damage immediately, and the defendant held over under said lease from Thursday night until Saturday night, 1 August, 1925, at which time the plaintiff had taken no steps toward repairing said swimming pool, and the defendant, in accordance with the provisions of the statute and the terms of the lease, surrendered said leased premises to the plaintiff as he had a right to do, and thereby completed the cancellation of the lease, notified plaintiff of his intention and surrendered the lease in accordance with its terms, and the defendants, and each of them, deny that they are liable for any rent beyond that time." Defendants allege that they expended certain sums on the property for which plaintiff is liable to them and plead the same as a counterclaim or set-off to plaintiff's recovery of the installment of rent due on 29 July, 1925, which defendants admit has not been paid.

Defendants excepted to the submission by the court, over their objection, of the 4th issue. Upon their appeal they rely chiefly upon their assignments of error based upon this exception, and upon an exception to the instruction of the court upon this issue, in the charge to

the jury. They contend that an affirmative answer to the 4th issue is immaterial; that upon the affirmative answer to the 3rd issue, plaintiff is not entitled to recover rent under the lease, which accrued after the date on which the swimming pool, because of the crack in the wall, without fault of defendants, became unfit for use.

Defendants were not released of their obligation under the lease, to pay rent for the leased premises, under C. S., 2352. No issues were tendered by defendants upon which facts could have been found by the jury, to sustain the defense under this statute. It affirmatively appears from the uncontradicted evidence that the swimming pool was repaired and thereby made reasonably fit for the purpose for which the property was leased at an expense of $50. The annual rent stipulated in the lease was $1,300. The statute provides that a lessee may surrender the leased property and be thereby discharged from all rent accruing thereafter, if the property is damaged to such an extent that it cannot be made reasonably fit for the purpose for which it was hired, except at an expense exceeding one year's rent of the premises.

Defendants, in their answer allege, in effect, that plaintiff failed to repair the swimming pool within a reasonable time, and that for this reason the lessee surrendered the property on Saturday succeeding the Thursday night on which the wall cracked. In his reply, plaintiff alleges that he caused the repairs to be made promptly, in accordance with his agreement with the lessee. All the evidence shows that the repairs were made on Monday, after the agreement was made on Friday afternoon. The 4th issue arises upon the pleadings and was properly submitted to the jury. We find no error in the instructions of the court upon this issue. The jury found that plaintiff repaired the swimming pool within a reasonable time. Upon this finding, the court properly held that the lease had not terminated, as contended by defendants. It is clear from the pleadings and from the evidence that defendants relied upon the failure of plaintiff to repair within a reasonable time, and not upon the termination of the lease by the crack in the wall as a defense to plaintiff's recovery. It might well have been contended under the facts of this case, that the damage resulting from the crack in the wall, which was repaired in a few days, at a cost of $50, was not such a destruction of the building as, under the stipulation, terminated the lease. See *Wall v. Hinds,* 4 Gray (Mass.), 256, 64 Am. Dec., 64, cited in 16 R. C. L., p. 963, sec. 473, n 4.

The answer to the 4th issue is determinative of plaintiff's right to recover in this action. The answer to the 3rd issue, under the evidence and the charge of the court, must be construed, for the purpose of the judgment, together with the answer to the 4th issue. The judgment is affirmed. We find

No error.