Civil action to recover rent alleged to be due under a written contract.
It is stipulated in the written lease that the premises "are to be used for a department store, and not to be used for any other purpose without the written consent of the lessor," and further: "Should the premises hereby leased be destroyed or rendered unfit for use by fire or other unavoidable cause, this lease immediately becomes void."
On the trial the court instructed the jury as follows: *Page 617 
"The court is of the opinion, gentlemen, and so interprets this lease in question, that the lease, by reason of the fire was not void, even though the room was not fit for use for the purpose for which it was occupied. The court is of the opinion that the plaintiff had a reasonable time after the fire to put the building in the same condition as before the fire, and if he did so, and if that did not unreasonably disturb the business of defendants, then the lease between the plaintiff and defendants was not void and the question whether he did so within a reasonable time is the question for you, and the court is of the opinion that that is the crucial point in this case."
The jury returned the following verdict:
"1. Did the defendants, D. L. Lebovitz, execute the lease, as alleged in the complaint? Answer: Yes.
"2. Were the leased premises rendered unfit for use as a department store, by fire or other unavoidable causes? Answer: Yes.
"3. Was the damage to the building such as could be repaired and was repaired within reasonable time after the fire? Answer: Yes.
"4. In what amount, if any, are the defendants indebted to the plaintiff? Answer: $300."
Judgment on the verdict in favor of plaintiff, from which the defendants appeal, assigning as their principal error the above instruction to the jury.
after stating the case: We think the trial court incorrectly interpreted the contract of lease between the parties, and that the third issue should not have been submitted to the jury.
The case is distinguishable from Archibald v. Swaringen, 192 N.C. 756,135 S.E. 849, in that, in the Archibald case, there was a subsequent parol agreement between the parties relative to certain minor repairs, and this was set up in the pleadings. But here, the contract is clear and unambiguous. There is no allegation of any subsequent parol agreement relative to repairing the demised premises which, as found by the jury, were rendered unfit for use as a department store by fire or other unavoidable causes. 16 R. C. L., 962 et seq.
New trial. *Page 618