IMPERIAL OIL MARKETING COMPANY *v.* ROGERS.

Opinion delivered February 17, 1930.

*Mahony, Yocum & Saye,* for appellant.
*Marsh, McKay & Marlin,* for appellees.

McHANEY, J. On February 19, 1927, appellees leased to appellant a certain lot in El Dorado, and all improvements thereon, ''together with all the equipment and personal property used or employed as a part of or in con-

nection with a filling station, and located on said lot on the 11th day of February, 1927, * * * from the 11th day of February, 1927, to and including the 10th day of February, 1930," for a monthly rental of $150. The lease agreement contained this clause: "It is agreed that in case the premises shall, during said term, be destroyed or damaged by fire or other unavoidable casualty, so that the same shall be thereby rendered unfit for use as a filling station, this lease shall terminate as to both parties."

Appellant entered into possession of the leased premises, and operated a filling station thereon until April 14, 1928. On the night of April 13, a fire occurred, which originated in a waste paper basket in the northeast corner of the building on the leased lot, and the walls adjacent to this corner were somewhat damaged, as also a portion of the ceiling in this room, the building being divided into three rooms. The blaze was quickly extinguished by the fire department, but in doing so a door was broken open, a window knocked out and two holes torn in the roof as well as water damage to certain office furniture and equipment. Appellant, contending that it had the right to do so under the clause of the lease agreement above quoted, surrendered possession of the leased premises to appellees, moved out and refused to pay further rent from said date. Appellees brought this action to recover damages as for breach of the lease agreement based on the difference between the rent reserved, and the rental value at the time of the breach, rents having declined in the meantime. The case was tried to a jury on instructions that are not complained of, which resulted in a verdict and judgment for appellees.

At the close of the evidence, appellant requested a directed verdict, which was refused, and this is the only assignment of error urged now for a reversal of the case. We think the court correctly refused this request. There is no substantial dispute in the evidence. The actual fire damage was very small. The damage to the roof,

the door, the window and the water damage was done by the fire department in extinguishing the flame. The question was whether all this damage, when considered together as the result of the fire, rendered the "premises" "unfit for use as a filling station." Manifestly the parties did not contemplate that the lease would terminate if the premises were only slightly damaged by fire, but only in case the fire damage was such as to render the premises unfit for use as a filling station. This precise question was submitted to the jury, and, by its verdict, it found that the damage was not such as to render the premises unfit for use as a filling station. The undisputed evidence is that the necessary repairs could have been made in a few hours, and without interruption of appellant's business in the operation of a filling station. The building and other personal property leased were not destroyed by fire, but only damaged, and the question was whether the damage was such as to render the premises unfit for occupancy. The principle of law announced in *Tedstrom* v. *Puddephatt,* 99 Ark. 193, 137 S. W. 816, Ann. Cas. 1913A, 1092, we think is applicable here. It was there said: "We think that it is well settled by the authorities that, under leases containing provision for a forfeiture thereof and a cessation of the rent, in event of destruction of the premises by fire or other casualty, or inability to occupy the same on that account, a partial destruction of the premises will not terminate the lease, though it renders the premises, or a part thereof, temporarily untenantable for the purpose of the lease, and will not relieve the tenant from future liability for rent."

While it is true the provision in the lease in that case is somewhat different from the clause above quoted in this case, yet the principle is the same, and is controlling here.

The evidence was sufficient to support the verdict, and the judgment is accordingly affirmed.