BASKETERIA STORES, INC., v. W. T. SHELTON.

(Filed 26 November, 1930.)

**Landlord and Tenant B d—Whether fire had rendered leased property unfit for occupancy held question for jury in this case.**

Where, in an action on a lease contract providing that the lease should terminate if the premises were destroyed or rendered unfit for use and occupancy by fire, the evidence discloses that the lessor, upon the happening of a fire in the building, immediately notified the lessee that he would make the necessary repairs, and made the repairs and tendered the premises to the lessee within five days after the lessee had surrendered the keys, and there is conflicting evidence as to whether the premises were damaged by the fire to such an extent as to render them unfit for use and occupancy: *Held,* an instruction that a building is rendered unfit for occupancy when it is damaged to such an extent that it is unfit for carrying on the business of the lessee and cannot be restored to a fit condition without unreasonable interruption of the business, is correct, and the lessee's exception thereto cannot be sustained.

APPEAL by plaintiff from *Clement, J.,* at June Term, 1930, of FORSYTH. Reversed.

This action to recover of the defendant the sum of $650, rent due under a lease from plaintiff to defendant, for the months of July and August, 1929, was begun and tried in the Forsyth County Court, before Efird, J., and a jury.

On 21 February, 1927, plaintiff leased to defendant, for a term of four years, beginning on 15 March, 1927, and ending on 15 March,

1931, a certain portion of a store building located in the city of Winston-Salem, N. C. The lease is in writing, and contains paragraphs as follows:

"2. The lessee agrees to furnish at his own expense, light, heat and water necessary for the occupancy of the building and to make no unlawful use of the premises, to keep the same clean and attractive in appearance, and to deliver the premises to the lessor at the end of the time in as good condition as the same is at the present time, ordinary wear and tear, fire and unavoidable casualties excepted."

"5. It is further agreed that if the building be destroyed or rendered unfit for use and occupancy by fire or other casualty, during the term of this lease, it shall thereupon terminate."

Defendant entered into possession of the premises described in the lease, and paid the rent as stipulated therein until 1 July, 1929. He has failed and refused to pay the monthly rentals which have accrued since said date, contending that the lease terminated on 15 June, 1929, under the provisions of paragraph 5.

On 15 June, 1929, there was a fire inside the store building described in the lease. This fire did not destroy the building. Holes were burned in the floor in the rear of the building and the walls and ceiling were injured by smoke. Some of the fixtures in the building, which was used by the defendant as a shoe store, were burned. Plaintiff immediately notified the defendant that it would have the building repaired, as soon as the defendant had adjusted his claims for loss and damage under his policies of insurance. Within about five days after defendant delivered to the plaintiff the keys to the building, the repairs were made, and the building tendered to the defendant, who declined to reënter into possession.

It is stipulated in the lease that the monthly rental for the premises described therein from 15 March, 1928, to 15 March, 1931, shall be three hundred twenty-five dollars, payable in advance.

The issues submitted to the jury were answered as follows:

"1. Did the plaintiff and defendant enter into the lease mentioned in the complaint, bearing date 21 February, 1927? Answer: Yes (by consent).

2. Did the defendant fail to pay the rent for the months of July and August, as alleged in the complaint? Answer: Yes.

3. If so, was said building destroyed or rendered unfit for use and occupancy by fire or other casualty? Answer: No.

4. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: $500."

Upon the verdict it was ordered, adjudged and decreed "that the building occupied by the defendant was not destroyed by fire, or rendered

unfit for use and occupancy by the fire or other casualty; and that the plaintiff recover of the defendant the sum of $500 and the costs of this action to be taxed by the clerk."

From this judgment defendant appealed to the Superior Court of Forsyth County, assigning errors based on exceptions duly taken during the trial in the Forsyth County Court.

Upon the hearing of defendant's appeal in the Superior Court, certain of his assignments of error were sustained.

From judgment remanding the action to the Forsyth County Court, for a new trial, plaintiff appealed to the Supreme Court, assigning as error the rulings of the judge of the Superior Court on defendant's assignments of error based on his exceptions taken during the trial in the Forsyth County Court.

*Parrish & Deal for plaintiff.*
*Ratcliff, Hudson & Ferrell for defendant.*

CONNOR, J.  With respect to the third issue submitted to the jury at the trial of this action in the Forsyth County Court, the judge presiding in said court instructed the jury as follows:

"The court instructs you, gentlemen of the jury, that under a lease of property for the purpose of carrying on therein a store of a certain kind, providing that if the building should be destroyed or rendered unfit for use and occupancy by fire or other casualty, it shall thereupon terminate, such a building is destroyed or rendered unfit for use and occupancy by fire or other casualty, when as a result of a fire or other casualty the building is destroyed or damaged to such an extent that it is unfit for carrying on the business mentioned, and cannot be restored to a fit condition by ordinary repairs such as can be made without unreasonable interruption of the business; that is, such interruption as would cause substantial loss or damage to the business from loss of trade or patronage due to such interruption."

Defendant's exception to this instruction, assigned as error on his appeal to the Superior Court, was sustained.  In this there was error. The instruction was not erroneous.  There was conflict in the evidence as to the extent of the damage to the building caused by the fire, the plaintiff contending that the damage was not sufficient in extent to render the building unfit for use and occupancy, the defendant contending to the contrary.  It was the duty of the court, in this situation, to instruct the jury as to the law applicable to the facts as the jury should find them from the evidence.  We think the instruction given to the jury by the court was correct.

Under the provisions of paragraph 2 of the lease, the defendant, as lessee, was under no obligation to repair the damage to the building

caused by the fire. This obligation was, by implication, at least, on the plaintiff, as lessor. See *Miles v. Walker,* 179 N. C., 479, 102 S. E., 884. The lease was not terminated by damage caused by the fire, under the provisions of paragraph 5, unless the damage was such as to render the building unfit for use and occupancy for the purposes of the lessee. If the damage could be repaired within a reasonable time, resulting in no substantial loss to the defendant as lessee, the lease could not be declared terminated by either the lessor or the lessee, under the provisions of paragraph 5. This is a reasonable rule, just to both lessor and lessee. We think it must have been within the contemplation of the parties when they entered into the contract.

The instant case is distinguishable from *Ragan v. Lebovitz,* 195 N. C., 616, 143 S. E., 2. In that case the jury found that the leased premises were rendered unfit for use as a department store by fire. It was held that the result of this finding was not affected by the further finding that the damage to the building was such as could be and was repaired within a reasonable time after the fire. The interpretation of the provisions of the lease to the contrary was incorrect. In the instant case, under a correct instruction as to the law, the jury found that the building was not rendered unfit for use and occupancy by the fire. *Archibald v. Swaringen,* 192 N. C., 756, 135 S. E., 849, is distinguishable from both the *Ragan case* and the instant case. It appeared from the pleadings and from all the evidence in that case, that the lessor repaired the damage pursuant to a parol agreement between the lessor and the lessee, entered into subsequent to the discovery of the crack in the dam, through which the water escaped from the swimming pool.

The instruction in this case, which we hold to be correct, is in accord with the law as declared in *Wolff v. Turner,* 6 Ga. App., 366, 65 S. E., 41, cited in note on page 1101 of Anno. Cas., 1913A.

Defendant further excepted to the form of the judgment rendered in this action by the Forsyth County Court, and on his appeal to the Superior Court assigned as error the adjudication therein "that the building occupied by the defendant was not destroyed by fire, or rendered unfit for use and occupancy by fire or other casualty."

The judge of the Superior Court remanded the action to the Forsyth County Court, for a new trial, and for that purpose set aside and vacated the judgment. There was, therefore, no specific ruling on this assignment of error. We think, however, that the adjudication has no other or further effect than the answer of the jury to the third issue.

There was error in the judgment of the Superior Court. For this error the judgment is reversed, and the action remanded to the Superior Court of Forsyth, in order that judgment affirming the judgment of the Forsyth County Court may be entered.

Reversed.