MELLIE GAHAGAN v. A. W. WHITEHURST.

(Filed 24 February, 1937.)

**Mortgages § 37—Cestui may maintain action against trustee for accounting without introducing the note and deed of trust in evidence.**

Plaintiff, the *cestui que trust,* instituted this action against the trustee, contending that the trustee had foreclosed the deed of trust and had failed to apply the proceeds of the sale to the satisfaction of the note secured by the instrument. *Held:* Plaintiff's action is for an accounting of the proceeds of sale, and not an action on the note, and defendant's contention that plaintiff could not maintain the action without introducing the note and deed of trust in evidence is untenable.

APPEAL by plaintiff from *Phillips, J.,* at September Term, 1936, of MADISON. Reversed.

This was an action for an accounting, the complaint alleging that the defendant as the trustee in a deed of trust had sold land under foreclosure and had failed to account to the plaintiff, the *cestui que trust,* for the proceeds.

A compulsory reference was ordered, and, upon the coming in of the report of the referee, the plaintiff filed exceptions and asked for jury trial upon certain issues. When the action was heard in the Superior Court, at the conclusion of the evidence offered by plaintiff, defendant's motion for judgment of nonsuit was allowed.

From judgment dismissing the action plaintiff appealed.

*Calvin R. Edney and James E. Rector for plaintiff.*
*Jones & Ward, J. C. Ramsey, and J. H. McElroy for defendant.*

DEVIN, J. The plaintiff offered, without objection, evidence tending to show that she held a note in the sum of $12,600, given in 1925, for the purchase of 1,300 acres of land, and that this note was secured by a deed of trust on the land to the defendant Whitehurst as trustee. The plaintiff testified that she assigned, by endorsement on the note, certain proportionate interests in said note to two other persons; that thereafter, in 1932, following a conference between her and the defendant, it was decided that the land be sold to the United States Government for $3.50 per acre, or $4,550, the defendant agreeing to see that this amount was realized from the sale, and the defendant was requested to foreclose the deed of trust. Thereupon the Citizens Bank, of which defendant was cashier, bid in the land at the sale and conveyed title to the United States in accordance with the agreement. Since then, the plaintiff testified, the defendant trustee has failed, after demand, to account to her for

her proportionate part of the amount realized from the sale of the land. She says this would be $3,198.76.

Plaintiff further testified that she delivered the note to the defendant, and that it had been in the Citizens Bank and she had never gotten the paper back. She did not offer in evidence the note and deed of trust, though available.

The court below was of opinion that it was incumbent upon the plaintiff, in order to make out her case, to offer the note and deed of trust in support of her claim, and based his ruling in sustaining the motion for nonsuit upon that ground. However, in the view we take of the case, it was not necessary that this be done. The plaintiff was not suing on the note, but instituted this action against the trustee who foreclosed the deed of trust for an accounting of the proceeds of the sale. *Carden v. McConnell,* 116 N. C., 875; *Belding v. Archer,* 131 N. C., 287; *Ledford v. Emerson,* 138 N. C., 502; *Miles v. Walker,* 179 N. C., 479; *Hall v. Giessell,* 179 N. C., 657. Her evidence, therefore, was sufficient to have entitled her to go to the jury upon the issues raised, and there was error in sustaining the motion to nonsuit.

Reversed.