29314. MILLEN HOTEL COMPANY *v.* GRAY, administrator.

DECIDED MARCH 19, 1942.

*A. S. Bradley,* for plaintiff.  *Dekle & Dekle,* for defendant.

STEPHENS, P. J.  Millen Hotel Company sued Robbie Gray, as administrator of the estate of S. Crawford Bell, alleging that on February 9, 1937, it entered into a written agreement with S. Crawford Bell by which the plaintiff leased to Bell a store house for the period of five years beginning April 7, 1937, at the rental of $50 per month; that Bell conducted a retail drug business on the premises and had paid all rent up to and including the rent for December, 1938, and that all subsequent rent remained unpaid; that Bell died during 1939 and the defendant qualified as his permanent administrator; that the plaintiff had demanded in writing the rent for the full period of five years which the administrator declined to pay.

The defendant filed an answer in which he set out that the lease between the Hotel Company and Bell contained this provision: "Said party of the first part agrees that should the premises above described be destroyed by fire or so damaged by fire as to be untenable, the condition of this lease shall cease from the date of the fire;" that "about the —— day of 1939 the premises referred to in plaintiff's petition and occupied by S. Crawford Bell was so damaged by fire as to be untenable," and under the terms of the lease the lease became inoperative and the defendant's obligation to pay rent ceased from the date of the fire, and the plaintiff is not entitled to recover except for the sum of $350 which includes rent for the month during which the building was damaged, which amount the defendant tendered into court.  The jury found $350

for the plaintiff. The plaintiff moved for a new trial on the general grounds and on two special grounds. This motion was overruled, and the plaintiff excepted.

The evidence showed that on the date of the fire, or the next day, the defendant removed the soda-fountain fixtures from the rented premises, having previously removed the stock of goods with which the store had been operated up to the time of the death of Mr. Bell. At the time of abandoning the premises the defendant offered to pay the rent up to the time of the fire, and at the same time offered to return the key to the lessor. The lessor refused to receive the key, stating his intention to hold the defendant for the rent for the full balance of the term. The damage shown was the burning up of the top part of a show case or cigarette case, damage to the walls by smoke and the front door glass, which was broken, and possibly water damage. When the damage was repaired later on it amounted to $72.06.

The plaintiff contends that the evidence was not sufficient to authorize the verdict. There is no substantial conflict in the evidence as to the extent to which the premises were damaged. A witness for the defendant testified: "A cigarette cabinet was one half or three fourths burned and the building was smoked all over, and the amount of water damage was there that it takes to put out a fire of that kind." Another witness for the defendant testified that the cigarette case was burned and the walls were smoked over that to about the ceiling; that the walls and ceiling were pretty badly smoked and that the principle thing he noticed was smoke on the walls and ceiling, and he did not notice whether there had been any damage to the floor as a consequence of the water being turned in on it, and that two coats of paint would have restored the building to the condition it was in before the fire, and it would take a painter about four hours to do it. Another witness for the defendant testified that there was a cigarette case which was "charred up," and the walls were smoked in some places, and the water had gotten over the carbonator of the soda fount, which damaged the switch to the extent of $18; that he did not see any other damage to any fixtures. Another witness for the defendant testified that the cigarette case was burned almost completely, the walls above the cigarette case and overhead were smoked; the water was all over the floor when he saw it, and the glass in the front door was broken in.

In cases similar to the case at bar this court has said: "The premises become untenantable so as to authorize the tenant to quit the premises and cease paying rent, when, as the result of the fire the building is damaged to such an extent that it is unfit for carrying on the business of operating a shoe store, and can not be restored to a fit condition by ordinary repairs such as can be made without unreasonable interruption of the business of the tenant." *Wolff* v. *Turner*, 6 *Ga. App.* 366 (65 S. E. 41). In a later case the court said: "The building becomes untenantable when as a result of fire it becomes damaged to such an extent that it is unfit for the tenant to carry on the mercantile business therein." *Weinstein* v. *Schacler Bros.*, 32 *Ga. App.* 742 (7), (124 S. E. 803). In respect to damage to fixtures, a distinction is to be observed. Fixtures which were rented to the tenant as a part of the premises would be subject to the same rule as damage to the building. Damage to fixtures belonging to the tenant can not be considered. In the present case the cigarette case belonged to and was furnished by the landlord, but the soda fount belonged to the tenant. Taking all the evidence for the defendant together, the only damage to the premises was the cigarette case which was partially burned, the smoke damage on the walls and ceiling, and the breaking of the front-door glass. The plaintiff testified that the total expense of restoring the premises to their former condition was $72.06, which included certain traveling and telephone expenses. No permanent damage by water was shown. It is perfectly clear that the cigarette case could be repaired or replaced, the walls and ceiling of the store could be repainted, and the front-door glass replaced. That these repairs could be made "without unreasonable interruption of the business of the tenant" is not questionable under the evidence as a whole.

Under the evidence it seems to be immaterial whether there is a difference in meaning between the words "untenable" and "untenantable," because it was not shown that the premises were so damaged by the fire as to be either "untenantable" or "untenable." Such being the case, the verdict of only $350 for the plaintiff was unauthorized by the evidence. The court erred in overruling the motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*