294 P.2d 1095

James LUIS and Evelyn Luis, husband and wife, Plaintiffs-Appellants,

v.

ADA LODGE #3, INDEPENDENT ORDER OF ODD FELLOWS, a corporation, and James McNeal, William Wymer and Norman Tarter, Trustees, Defendants-Respondents.

No. 8156.

Supreme Court of Idaho.

Feb. 8, 1956.

Rehearing Denied March 27, 1956.

James W. Blaine, Hawley & Marcus, Boise, for appellants.

Fredricks & Roberts, Boise, Donart & Donart, Weiser, for respondents.

KEETON, Justice.

Respondents by a written lease dated March 31, 1950, leased to appellants a portion of a building located on Lots 11 and 12, Block 1, Original Townsite of Boise, the particular part being a room on the ground floor 27 feet in width and 90 feet in length, together with the basement under said room, except certain parts, for a term of ten years. The rent reserved was payable at the rate of $305 per month and the total rent consideration for the term was $36,600.

As permitted by the terms of the lease, appellants at their own expense, made extensive and expensive improvements and alterations of the demised premises, and with the permission of respondents sublet a part. The improvements made by appellants consisted in part of redecorating the room installing a ceiling under the balcony, extending the balcony, construction of a partition, new tile on the floor and rewiring.

Appellants and their tenant occupied the space so rented mostly for business purposes. A part was used as living quarters by appellants.

On December 14, 1952, a fire broke out in the leased portion of the building, damaged the room leased and destroyed or partially destroyed appellants' improvements and the personal property therein owned by appellants and their tenant. The building itself was not destroyed, the walls and ceilings and upper stories, foundation and other parts were left intact. The fire did not render the building untenantable.

A clause in the lease provides that the lessee (appellants) shall keep said premises in good repair. This clause is qualified by a second paragraph which reads:

"In case said premises shall be rendered untenantable by fire or other casualty, the Lessor may at its option terminate said lease or repair said building within sixty (60) days, or failing so to do, or upon the destruction of the premises by fire, the term hereby created shall cease and terminate."

It is the contention of respondents that this clause canceled the lease. Appellants contend otherwise. Respondents refused, after the fire to recognize the tenants' claimed right of occupancy conferred on appellants by the lease. Appellants contend that such action constitutes a constructive, unlawful eviction, and they brought this action against the lessors (respondents) to recover damages for the alleged breach.

The testimony disclosed that immediately subsequent to the fire respondents began repairing the parts of the building damaged, particularly the part leased to appellants, and by January 26, 1954, the appellants could have entered the leased premises and commenced the making of leasehold improvements. Appellants demanded possession of the leased premises and attempted to enter and install improvements necessary to carry on their business and were prevented by respondents from so doing.

By a notice served on and received by appellants on January 26, 1953, appellants were notified by respondents that the lease was canceled and terminated because of the fire; that the premises had been rendered untenantable and that respondents exercised the option to cancel the lease. Subsequent to this time one of the respondent trustees advised appellants that if they wanted to reoccupy the premises they would have to pay $600 (apparently meaning $600 a month) for the first floor. The testimony further disclosed that the leased premises damaged could have been completely repaired in forty-five days; and in less than the sixty days specified in the lease the premises had been repaired and placed in a tenantable condition. Evidence of damage sustained was received. At the conclusion of appellants' evidence the court sustained a motion of nonsuit and dismissed the action. Appeal was taken from the judgment.

The main question presented for determination is whether the fire terminated the tenancy. For reasons hereinafter stated we hold it did not.

By the terms of the paragraph of the lease above quoted, and on the happening of the fire, the lessor is given the option of terminating the lease, *or* repairing the leased premises, and upon the destruction of the premises by fire the lease is terminated. The lessor repaired the leased premises making certain alterations deemed unimportant here. Neither the leased premises nor the building was destroyed. The part leased to appellants was for a short period of time untenantable.

In an application to the City of Boise for a permit to make the repairs, the cost of such repairs and/or changes, as respondents were making, or desired to make, states the entire cost at $3,500. The tenants' improvements placed on the premises far exceed this sum.

In the present situation the interruption of the tenant's business because of the fire, had appellants been permitted to enter the premises would have been temporary only.

If the damage to the building or other leased property be of such a nature that same may be repaired within a reasonable time, there is no destruction of the subject matter of the contract even though the building be temporarily uninhabitable or untenantable. 35 C.J. 1060, § 227; 51 C.J.S., Landlord and Tenant, § 99, b, p. 671.

The premises are untenantable within the meaning of such a provision as is contained in the lease here considered, if the destruction is so complete that they cannot be used for the purpose for which they were leased and cannot be restored to a fit condition by ordinary repairs made without unreasonable interruption of the tenant's use. 51 C.J.S., Landlord and Tenant, § 99, b, p. 672.

In the present situation respondents exercised the option to and did repair, and only after substantial and necessary repairs had been made, attempted by notice or otherwise to cancel the lease.

Clauses in leases defining the rights of the parties to the lease because of the destruction, partial destruction or damage, of the leased premises by fire or other causes have been before the court for construction in numerous decisions.

In Scharbauer v. Cobean, 42 N.M. 427, 80 P.2d 785, 786, 118 A.L.R. 102, the clause in the lease being considered reads:

"' "It is understood that in the event of the destruction of the premises by fire or other casualty to such an extent as to render the same untenantable, this lease shall become void and of no effect." ' "

The court held that though the leased premises because of fire were temporarily rendered untenantable, and a continuation of the business therein conducted while the repairs were being made was impracticable, did not cancel the lease.

In Barry v. Herring, 153 Md. 457, 138 A. 266, 267, the lease contained the following clause:

" 'If the property shall be destroyed or rendered untenantable by fire, the tenancy hereby created shall be thereby terminated, and all liability for rent hereunder shall cease upon payment proportionately to the day of fire or unavoidable accident.' "

The lessor sought to cancel the lease because a fire had destroyed a part of the leased premises. The court held that the clause did not cancel the lease and said:

" * * * where the building may be restored by ordinary repairs made thereon with no considerable interruption to the tenant's business while the same are being made, the tenancy is not terminated or the lease forfeited."

The court in its opinion reviewed numerous authorities and textwriters in support of its opinion and concluded that the tenant was entitled to possession of the premises over the landlord's objection.

Authorities supporting the above conclusion are: Mottman Mercantile Company v. Western Union Telegraph Co., 3 Wash. 2d 62, 100 P.2d 16; Millen Hotel Company v. Gray, 67 Ga.App. 38, 19 S.E.2d 428; Scharbauer v. Cobean, 42 N.M. 427, 80 P.2d 785, 118 A.L.R. 102; Tedstrom v. Puddephatt, 99 Ark. 193, 137 S.W. 816, Ann.Cas.1913A, 1092; Wampler v. Weinmann, 56 Minn. 1, 57 N.W. 157; Basketeria Stores v. Shelton, 199 N.C. 746, 155 S.E. 863; Imperial Oil Marketing Co. v. Rogers, 181 Ark. 24, 24 S.W.2d 951; Wolff v. Turner, 6 Ga.App. 366, 65 S.E. 41; Underhill on Landlord & Tenant, V. 2, 1348, Sec. 792.

The repairs required to be made because of the fire, the value of the whole building,

as well as the duration of the lease and the improvements made on the premises by appellants, are matters to be considered in determining the rights of the parties.

In the matter being considered the lease had more than seven years to run. It was shown to be a valuable asset. The difficulties encountered because of the fire when compared with the time the lease was to run were of short duration.

Had respondents not elected to repair or had the tenants refused to occupy the space rented or pay the rent, the situation would be entirely different than the one presented. The tenants had they elected to do so, regardless of the fire, could have paid the rent and continued to use the premises, or had they so elected could have made the necessary repairs.

The equities of the situation are in favor of appellants.

■■ Similar clauses in leases are primarily for the protection of the tenant and should not be construed as permitting a cancellation on unjustifiable grounds. Further we are of the opinion that respondents exercised the option to repair. Had they exercised the option to cancel and not repair, a different situation would be presented. The option to repair was the one selected, and the refusal of respondents after the fire to recognize appellants' rights was a violation of the terms of the lease.

■ Error is assigned because of the refusal of the trial court to admit in evidence conversations had between the respondents' trustees and appellants relative to a claimed agreement to continue the lease. It was not shown that the individual trustee with whom the conversation was purportedly held had authority, either express or implied, or apparent authority to bind the corporation, and the objection was properly sustained.

Because of the fact that we have held that the lease is not terminated by reason of the fire, we shall not discuss this assignment of error further.

■ Appellant assigns as error the sustaining of an objection to the admission in evidence of Exhibit 8, a photograph of the premises as they existed in March, 1953. This exhibit by photographic evidence showed that the repairs to the building had been made and the leased premises reoccupied by another tenant, and for that purpose should have been admitted in evidence.

■ Respondents contend there were no damages shown even though the lease was breached. There was sufficient evidence to go to the jury under proper instructions for a determination of the amount of damages. What the rules are for determining the damages sustained we do not decide.

For the reasons above given, the judgment of nonsuit should not have been

granted. The judgment is reversed and a new trial granted. Costs to appellants.

TAYLOR, C. J., and PORTER, J., concur.

ANDERSON and SMITH, JJ., dissent.

On Petition for Rehearing

KEETON, Justice.

Respondents filed a petition for rehearing in which they object to the following statement in the opinion:

"The building itself was not destroyed, the walls and ceilings and upper stories, foundation and other parts were left intact, and tenants or persons occupying portions of the building other than appellants and their tenant suffered little or no damage. The fire did not render the building untenantable."

The testimony discloses that there was extensive damage to portions of the building occupied by tenants other than appellants and the following portion of the statement will be deleted from the opinion:

"and tenants or persons occupying portions of the building other than appellants and their tenant suffered little or no damage."

Appellants further refer to some parts of the testimony alleged to be conflicting with what was stated in the opinion. There is sufficient testimony to show that appellants desired continuation of the lease prior to the time the written notice of cancellation was served on them.

 In reviewing a case where a nonsuit is granted, the testimony must be construed in the light most favorable to the party opposing the nonsuit, and a nonsuit is justified only where there is an entire absence of substantial evidence tending to establish plaintiff's case. McKee v. Chase, 73 Idaho 491, 253 P.2d 787.

The deleted part of the opinion above quoted does not change the conclusion or other propositions of law stated in the opinion as filed.

The petition for rehearing is denied.

TAYLOR, C. J., and PORTER, J., concur.

ANDERSON and SMITH, Justices (dissenting).

We are of the opinion the petition for rehearing should be granted, and that the judgment of nonsuit should be affirmed.

Appellants' place of business was not only rendered untenantable; it was destroyed by fire. The fire adjuster recommended payment of fire insurance in the total amount of $116,000 as damage to the building and its contents, of which sum appellants collected $36,000 for their loss oc-

casioned by the fire. The attached pictures, plaintiffs' exhibit 19, taken before, and exhibit 10, taken after the fire—apparently from opposite ends of the leased premises —speak not only for themselves, but louder than ten thousand words.